Barnet Bladowsky, Appellant, *v.* Harry Basser and Others, Doing Business as Marsak Bros., Respondents.

Supreme Court, Appellate Term, Second Department, July 1, 1925.

**Landlord and tenant — action by tenant to recover damages arising from action brought by prior tenant by reason of plaintiff's occupancy of premises — plaintiff entered into possession of premises to make repairs in reliance on representation of landlords that prior tenant had left premises — plaintiff entitled to recover reasonable rental value of premises from date of plaintiff's entry until expiration of prior tenancy and also expense of defense of action by prior tenant — defendants have burden of showing amount fixed in prior action as value of prior tenant's term.**

In an action by the plaintiff, a tenant, to recover damages arising from an action brought by a prior tenant by reason of plaintiff's occupancy of defendants' premises, said plaintiff is entitled to recover the reasonable rental value of the premises from the date of plaintiff's entry until the expiration of the prior tenant's term, where said plaintiff entered into possession of the premises to make repairs in reliance upon the representation of the defendants that the prior tenant had left the premises. However, the amount of plaintiff's judgment cannot exceed the amount fixed as the value of the prior tenant's term in an action brought by said prior tenant against said plaintiff. The burden of proving

the latter amount is upon the defendants.  Plaintiff, also, is entitled to recover a reasonable counsel fee, if incurred, together with any other necessary expense caused by the defense of the action brought by the prior tenant.

APPEAL from a judgment of the Municipal Court, Borough of Queens, Fifth District.

*Abner H. Pike,* for the appellant.

*Charles Eno,* for the respondent Basser.

*Nathaniel Cohen,* for the respondent Isaac Marsak.

*Abraham Cohen,* for the respondent Frank Marsak.

PER CURIAM:

Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to the appellant to abide the event.

The proof of the plaintiff was to the effect that defendants represented falsely that the prior tenant was out of the premises and that plaintiff could go in and make alterations; that the plaintiff, relying thereon, entered into possession to make repairs, and was thereafter sued by the tenant whose term had not expired. If a jury believed plaintiff's story, he would be entitled to recover the reasonable rental value of the premises from the date plaintiff entered until the expiration of the prior tenant's term.. The amount to be recovered therefor, however, cannot exceed what was fixed as the value thereof in the action brought by the former tenant.

The burden of proving the latter amount is upon the defendant. In addition thereto, plaintiff would be entitled to recover a reasonable counsel fee, if any such incurred, together with any other expense necessarily incurred in the defense of the action brought against him.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.